## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **David E. Gearhart**<br>5163 Marietta Rd.<br>Chillicothe, Ohio 45601,<br><br>**Plaintiff,**<br><br>v.<br><br>**DuPont**<br>800 DuPont Rd.<br>Circleville, Ohio 43113<br><br>**Defendant.** | Case No.<br><br>Judge:<br><br>Magistrate Judge:<br><br><br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |

David E. Gearhart, Plaintiff, files this Complaint, hereby stating and alleging the following:

1. Jurisdiction is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. 1331 and 1367. Plaintiff Filed an EEOC Charge May 16, 2017 in Charge # 532-2017-01036 alleging violations of the ADA and ADEA and has received an acknowledgement of the same.[Exhibit 1] More than 60 days have passed before bringing this action.

2. Venue is proper in this District under 42 U.S.C. Section 2000e-5(f)(3). All acts complained of herein occurred within the State of Ohio, Federal Southern District of Ohio, Eastern Division.

3. Plaintiff, David E. Gearhart, is a sixty-one-year-old, male who resides at 5163 Marietta Rd. Chillicothe, Ohio 45601.

4. Plaintiff suffers from medical conditions that substantially limit one or more of his major life activities of walking, breathing, lifting and bending including the ability to work. Plaintiff has a record of such impairments that substantially limit one or more of his major life activities. The medical conditions Plaintiff suffers from are Sarcoidosis, cardio vascular disease and chronic spine issues. Plaintiff is perceived by others as having medical conditions that substantially limit one or more of his major life activities, including the ability to work.

5. Defendant, DuPont, is a corporation doing business in the State of Ohio and the Southern District of Ohio Eastern Division.

6. At all relevant times herein Plaintiff was an employee of the Defendant.

7. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 *et seq.* Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 *et seq.* Plaintiff is an employee within the meaning of the R.C. 4112 *et seq.*

8. Plaintiff has worked for Defendant DuPont for four plus years. Plaintiff's last assignment was at Kapton Casting/Chemical as an operator earning between $75,000.00 and $80,000.00 a year. Part of Plaintiff's duties involved cleaning ovens.

9. At all relevant times herein Defendant employed the Plaintiff.

10. Defendant is an employer within the meaning of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 *et seq.* Defendant is an employer within the meaning of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq.* Defendant is an employer within the meaning of the R.C. 4112 *et seq.*

11. Plaintiff had surgery in 2014 for his cardiac/cardiovascular condition. In July 2016, Plaintiff was also admitted to the hospital due to medication issues related to his cardiac/cardiovascular condition. The medication issue was resolved with an adjustment by the medical provider. Plaintiff also had had surgery in August 2016 for another medical condition and was off for 6 weeks. Plaintiff was permitted to return to work by Dr. Brent Cale, MD., Defendant's company doctor. However, because Plaintiff had a 10 pound weight limitation, Plaintiff was assigned paid time off by DuPont rather than permit him to return to work at his previous position.

12. Dr. Cale also opined in his August 23, 2016 return to work evaluation that he felt "that it is in the best interest's of the Patient's health that he be permanently restricted from working in the oven." Dr. Cale did not review Plaintiff's medical records for

3

specific diagnosis and treatment and only rendered his opinion from general knowledge of Plaintiff's discussions with him about how Plaintiff was doing since his return to work from surgery in 2014 and medication medication readjustment in July 2016.

13. Plaintiff was permitted to return to work but with the restriction by Dr. Cale on working in the ovens. On October 28, 2016, Plaintiff was required to do regular oven cleaning during his regular shift.

14. On November 5 and 6, 2016, Plaintiff volunteered to work in the oven during a full shutdown. Working the oven during a full shut down is different and involves much less arduous work than regular oven cleaning.

15. Plaintiff had suffered a very minor injury to his scalp off the job on his days off earlier in the year. A small wound had not completely healed when he returned to work. Plaintiff aggravated the very minor while in the oven in November. Plaintiff went to see the Defendant's on site nurse on November 10, 2016 for fir his annual medical testing. While examining the Plaintiff the nurse immediately asked the Plaintiff why he was in the oven against his restrictions.

16. Plaintiff was then advised because of the restrictions placed on him by Dr. Cale, that he was going to be put on mandatory disability retirement the first of the year because

4

there were no other positions available for Plaintiff that did not involve working in the oven.

17. The Defendant has accommodated employees who are unable to work in the ovens for medical reasons.

18. The Defendant accommodated another employee who was unable to work in the ovens for medical reasons by specifically physically monitoring vital signs through medical sensors.

19. In 2013, a probationary female employee, about 12 years younger than Plaintiff, with a medical condition, became unconscious working in an oven and was taken to the hospital. After the incident this person was monitored by medical sensors attached to her person while on the job. As a result of the monitoring, the much younger female employee was accommodated by being placed in another position not requiring oven work.

20. In 2016, a male probationary employee about 8 years younger than Plaintiff, in his fourth month of employment as a probationary employee, suffered an apparent anxiety attack while working in an oven. This employee was taken to the hospital and thereafter assigned a job that did not involve oven work.

21. Despite the fact that Plaintiff was a 4 plus year employee and the Defendant's own medical doctor, Dr. Cale, issued restrictions, Plaintiff was not offered a position to meet his restrictions as an accommodation to his work limitations caused, or perceived to be caused, by his medical condition. However Defendant had made adjustments to much younger probationary employees' work assignments and locations based on their medical conditions.

22. On December 28, 2016 Plaintiff was informed he was being placed on Short Term Disability leave by his supervisor. Plaintiff was informed by letter from the Defendant he had to apply for disability under the DuPont Total and Permanent Disability Income Plan. On February 3, 2017 Plaintiff was informed by letter he had to continue with my LTD or his employment would be terminated. Plaintiff was also informed he would be terminated when the LTD was approved.

23. Plaintiff suffered an adverse employment action by being terminated on February 8, 2017 when placed on Long Term Disability (LTD) Leave by Defendant's LTD carrier. LTD paid less than Plaintiff's wage with mandatory overtime of $75,000-89,000. LTD paid approximately $37,000.00 year.

24. Plaintiff became employed at New England Motor Freight earning approximately $56,000.00 as a driver in June 2017.

**Count One: Violation of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq*.  failure to accommodate.**

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein;

26. Plaintiff is a member of a protected class because he has disabilities.

27. Plaintiff performed all of his job duties as requested and was capable of performing work for the Defendant when reasonably accommodated.

28. Plaintiff requested to be assigned to a position that accommodated his medical restrictions as a reasonable accommodation to his disability.

29. Although the Defendant had the ability to reasonably accommodate the Plaintiff by assigning him to a different position, Defendant chose to place Plaintiff in a disability leave status on Short Term Disability which led to his termination when he was placed on Long Term disability.

30. Plaintiff suffered an adverse employment action and damages in the form of lost wages and benefits when he was terminated.

31. Plaintiff states a violation of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 *et seq.* failure to accommodate.

**Count Two: Violation of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq.* disparate treatment.**

32. Plaintiff hereby incorporates by reference Paragraphs 1 through 31 above as though fully set forth herein;

33. Plaintiff is a member of a protected class because he has disabilities.

34. Plaintiff performed all of his job duties as requested and was capable of performing work for the Defendant when reasonably accommodated.

35. Plaintiff requested to be assigned to a position that accommodated his medical restrictions as a reasonable accommodation to his disability.

36. Defendant has accommodated other persons with and without diagnosed disabilities because of their medical conditions by reassigning the employees to different jobs that ameliorate the effects of the working environment on their medical condition allowing them to continue to be employed and perform work for the Defendant.

37. Although the Defendant had the ability to reasonably accommodate the Plaintiff by assigning him to a different position and accommodating him as it did other employees, Defendant chose to place Plaintiff in a disability leave status on Short Term Disability which led to his termination when he was placed on Long Term disability.

38. Plaintiff suffered an adverse employment action and damages in the form of lost wages and benefits when he was terminated.

39. Plaintiff states a violation of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 *et seq.* failure to accommodate.

**Count Three: Violation of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq.* perception of disability.**

40. Plaintiff hereby incorporates by reference Paragraphs 1 through 39 above as though fully set forth herein;

41. Plaintiff is a member of a protected class because he has disabilities.

42. Plaintiff performed all of his job duties as requested and was capable of performing work for the Defendant when reasonably accommodated.

43. Plaintiff was restricted to not performing any work in the ovens by the Defendant's medical doctor. The restrictions placed upon the Plaintiff were based upon the medical doctor's perception that the Plaintiff could not work in the ovens because of his medical conditions. The medical doctor reviewed no medical information to restrict Plaintiff from working in the ovens. Plaintiff told the medical doctor that he was able to work in the ovens in the manner in which he was assigned.

9

44. The perception of the medical doctor was based entirely on anecdotal information provided by Plaintiff in discussing the fact he was doing well after his medication adjustment in July 2016. No medical examination was performed to monitor the ability of the Plaintiff to perform work in the ovens as had been done for a coworker before determining what restriction(s) or accommodation were necessary.

45. Because of the perception of the medical doctor that Plaintiff should not work in the ovens and was restricted from doing so by the medical doctor, Defendant chose to place Plaintiff in a disability leave status on Short Term Disability which lead to his termination when he was placed on Long Term disability.

46. Plaintiff suffered an adverse employment action and damages in the form of lost wages and benefits when he was terminated.

47. Plaintiff states a violation of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 *et seq.* perception of disability.

**Count Four: Violation of R.C. §4112 *et seq.* failure to accommodate.**

48. Plaintiff hereby incorporates by reference Paragraphs 1 through 47 above as though fully set forth herein;

49. Plaintiff is a member of a protected class because he has disabilities.

50. Plaintiff performed all of his job duties as requested and was capable of performing work for the Defendant when reasonably accommodated.

51. Plaintiff requested to be assigned to a position that accommodated his medical restrictions as a reasonable accommodation to his disability.

52. Although the Defendant had the ability to reasonably accommodate the Plaintiff by assigning him to a different position, Defendant chose to place Plaintiff in a disability leave status on Short Term Disability which lead to his termination when he was placed on Long Term disability.

53. Plaintiff suffered an adverse employment action and damages in the form of lost wages and benefits when he was terminated.

54. Plaintiff states a violation of R.C. §4112 *et seq.* failure to accommodate.

**Count Five: Violation of R.C. §4112 *et seq.* disparate treatment.**

55. Plaintiff hereby incorporates by reference Paragraphs 1 through 54 above as though fully set forth herein;

56. Plaintiff is a member of a protected class because he has disabilities.

11

57. Plaintiff performed all of his job duties as requested and was capable of performing work for the Defendant when reasonably accommodated.

58. Plaintiff requested to be assigned to a position that accommodated his medical restrictions as a reasonable accommodation to his disability.

59. Defendant has accommodated other persons with and without diagnosed disabilities because of their medical conditions by reassigning the employees to different jobs that ameliorate the effects of the working environment on their medical condition allowing them to continue to be employed and perform work for the Defendant.

60. Although the Defendant had the ability to reasonably accommodate the Plaintiff by assigning him to a different position and accommodating him as it did other employees, Defendant chose to place Plaintiff in a disability leave status on Short Term Disability which lead to his termination when he was placed on Long Term disability.

61. Plaintiff suffered an adverse employment action and damages in the form of lost wages and benefits when he was terminated.

62. Plaintiff states a violation of R.C. §4112 *et seq.* disparate treatment.

**Count Six: Violation R.C. §4112 *et seq.* perception of disability.**

63. Plaintiff hereby incorporates by reference Paragraphs 1 through 62 above as though fully set forth herein;

64. Plaintiff is a member of a protected class because he has disabilities.

65. Plaintiff performed all of his job duties as requested and was capable of performing work for the Defendant when reasonably accommodated.

66. Plaintiff was restricted to not performing any work in the ovens by the Defendant's medical doctor. The restrictions placed upon the Plaintiff were based upon the medical doctor's perception that the Plaintiff could not work in the ovens because of his medical conditions. The medical doctor reviewed no medical information to restrict Plaintiff from working in the ovens. Plaintiff told the medical doctor that he was able to work in the ovens in the manner in which he was assigned.

67. The perception of the medical doctor was based entirely on anecdotal information provided by Plaintiff in discussing the fact he was doing well after his medication adjustment in July 2016. No medical examination was performed to monitor the ability of the Plaintiff to perform work in the ovens as had been done for a coworker before determining what restriction(s) or accommodation were necessary.

68. Because of the perception of the medical doctor that Plaintiff should not work in the ovens and was restricted from doing so by the medical doctor, Defendant chose to

place Plaintiff in a disability leave status on Short Term Disability which lead to his termination when he was placed on Long Term disability.

69. Plaintiff suffered an adverse employment action and damages in the form of lost wages and benefits when he was terminated.

70. Plaintiff states a violation of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 *et seq.* perception of disability.

**Count Seven: Violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 *et seq.* disparate treatment.**

71. Plaintiff hereby incorporates by reference Paragraphs 1 through 70 above as though fully set forth herein.

72. Plaintiff is a member of a protected class because he is over the age of 40.

73. Persons significantly younger than the Plaintiff were accommodated by the Defendant for their medical conditions.

74. Persons significantly younger than the Plaintiff were monitored and/or evaluated and assigned to positions taking into account their medical conditions.

75. Defendant has accommodated significantly younger persons with and without diagnosed disabilities because of their medical conditions by reassigning the

employees to different jobs that ameliorate the effects of the working environment on their medical condition allowing them to continue to be employed and perform work for the Defendant.

76. Although the Defendant had the ability to reasonably accommodate the Plaintiff by assigning him to a different position and accommodating him as it did other significantly younger employees, Defendant chose to place Plaintiff in a disability leave status on Short Term Disability which lead to his termination when he was placed on Long Term disability.

77. Plaintiff suffered an adverse employment action and damages in the form of lost wages and benefits when he was terminated.

78. Plaintiff states a Violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 *et seq.* disparate treatment.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

79. A judgment in favor of the Plaintiff for equitable relief of reinstatement to his previous position;

80. A judgment in favor of the Plaintiff for back pay and actual damages;

81. A judgment in favor of the Plaintiff for punitive and compensatory damages;

82. Award Plaintiff his attorneys' fees and costs in bringing this action; and

83. Award such other relief as the Court shall deem just and proper.

Respectfully Submitted,

*s/Daniel H. Klos*
Daniel H. Klos (0031294)
4591 Indianola Avenue
Columbus, Ohio 43214
Telephone: 614-261-9581
Facsimile: 614-262-5732
Email: Klosdhesq@aol.com
Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury in all matters triable to a jury.

Respectfully Submitted,

*s/Daniel H. Klos*
Daniel H. Klos (0031294)
4591 Indianola Avenue
Columbus, Ohio 43214
Telephone: 614-261-9581
Facsimile: 614-262-5732
Email: Klosdhesq@aol.com
Counsel for Plaintiff
